IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| **Julie A.A. McEldowney f/k/a Julie Ashmore,**<br><br>                    Plaintiff,<br><br>vs.<br><br>**South Carolina Department of Motor Vehicles**, **Kevin A. Shwedo,** in his official capacity as Director of the South Carolina Department of Motor Vehicles, and **Nikki Haley**, in her official capacity as Governor of South Carolina**,**<br><br>                    Defendants. | № 3:14-4155-JMC<br><br>**Complaint**<br>(Non-Jury) |

Plaintiff, complaining of the Defendants, would show this court the following:

1.     This is an action to enforce[1] in South Carolina the Constitution of the United States of America and its clear mandate that each state give "Full Faith and Credit" to the public acts, records, and judicial proceedings of every other state.[2]

2.     This is also an action to declare that S.C. Const. Art. XVII, § 15 and S.C. Code Ann. § 20-1-15, which purport to deny legal recognition in South Carolina of marriages between individuals of the same sex who were married in one of the several states, territories and districts

---

[1] See also Elmore v. Rice, 72 F.Supp. 516, 528 (1947) (Waring, J.) ("It is time for South Carolina to rejoin the Union.").

[2] Section 1 of Article IV of the United States Constitution provides:

> Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the Congress may by general laws prescribe the manner in which such acts, records, and proceedings shall be proved, and the effect thereof.

1

of the United States, and foreign countries where same-sex marriage is lawful, violate the Constitution of the United States of America and are invalid as a matter of law.

3. This is also an action to declare that the Defendants have violated the Plaintiff's civil and constitutional rights.

4. This is also an action to enjoin the Defendants, pursuant to 42 U.S.C. § 1983 and all other applicable law, to issue to the Plaintiff a driver's license that reflects her actual name, Julie A.A. McEldowney.

## Parties, Jurisdiction, Conditions Precedent

5. Plaintiff Julie A.A. McEldowney f/k/a Julie Ashmore is a resident of Lexington County, South Carolina and, via a lawful marriage performed in the District of Columbia, is the spouse of Pamela McEldowney.

6. Defendant South Carolina Department of Motor Vehicles ("SCDMV") is an administrative agency of the executive branch of the government of the state of South Carolina.

7. Defendant Kevin A. Shwedo is the executive director of SCDMV.

8. Defendant Nikki Haley is the governor of the State of South Carolina.

9. As governor of South Carolina, Defendant Nikki Haley is the head of the executive branch of the government of South Carolina.

10. Defendant Nikki Haley took an oath, as part of her acceptance of the office of governor of South Carolina, that she would preserve, protect, and defend the Constitution of the United States.

11. Despite that oath, Defendant Nikki Haley continues to direct South Carolina state agencies and departments, including SCDMV, to refuse to do any act that would embrace recognition of a lawful, out-of-state, same-sex marriage. This continues to be so even now that

the Supreme Court of the United States has declined to grant a writ of certiorari to review the decision of the United States Court of Appeals for the Fourth Circuit in Bostic v. Schaefer, 760 F.3d 352 (4th Cir. 2014).

12.     Defendant Kevin A. Shwedo continues to direct SCDMV to refuse to do any act that would embrace recognition of a lawful, out-of-state, same-sex marriage.  This continues to be so even now that the Supreme Court of the United States has declined to grant a writ of certiorari to review the decision of the United States Court of Appeals for the Fourth Circuit in Bostic v. Schaefer, 760 F.3d 352 (4th Cir. 2014).

13.     In Bostic v. Schaefer, 760 F.3d 352 (4th Cir. 2014), the Fourth Circuit Court of Appeals decided that Virginia laws there at issue (which prohibited same-sex marriages in Virginia and prohibited recognition by the government of Virginia of lawful, out-of-state same-sex marriages) violated the Constitution of the United States because they impermissibly infringed upon the fundamental right to marry.

14.     The Virginia laws at issue in Bostic v. Schaefer, 760 F.3d 352 (4th Cir. 2014), are not different from S.C. Const. Art. XVII, § 15 and S.C. Code Ann. § 20-1-15 in any way that matters to the outcome of this case.

15.     This case raises questions under the Constitution of the United States and 42 U.S.C. § 1983, and therefore this court has jurisdiction over all claims for relief pursuant to 28 U.S.C. § 1331.

16.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because all Defendants reside in the State of South Carolina and proper in this division because a substantial part of the events giving rise to this claim occurred in this division.

17. An actual and judicially cognizable controversy exists between the Plaintiff and Defendants regarding whether the state laws at issue violate the Full Faith and Credit clause of the United States Constitution and the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution. Defendants are presently enforcing these laws to the detriment of the Plaintiff.

18. All necessary administrative remedies have been exhausted or are futile due to:

   a. SCDMV's assertions that they will not issue Plaintiff a new driver's license;

   b. Defendant Haley's repeated statements that she will continue to defend the validity of South Carolina's statute and state constitutional provision that state that they prohibit the recognition by any part of South Carolina government of a marriage between individuals of the same gender; and

   c. Section 15 of Article XVII of the South Carolina Constitution,[3] a perfidious provision that enshrines discrimination against the Plaintiff in the foundational documents of South Carolina and directly conflicts with the Full Faith and Credit clause.

---

[3] Section 15 of Article XVII of the South Carolina Constitution provides:

> A marriage between one man and one woman is the only lawful domestic union that shall be valid or recognized in this State. This State and its political subdivisions shall not create a legal status, right, or claim respecting any other domestic union, however denominated. This State and its political subdivisions shall not recognize or give effect to a legal status, right, or claim created by another jurisdiction respecting any other domestic union, however denominated. Nothing in this section shall impair any right or benefit extended by the State or its political subdivisions other than a right or benefit arising from a domestic union that is not valid or recognized in this State. This section shall not prohibit or limit parties, other than the State or its political subdivisions, from entering into contracts or other legal instruments.

4

**Background**

19. The Plaintiff, a woman, married her wife, Pamela Ann McEldowney, a woman, on January 30, 2014, in a lawful marriage ceremony performed in the District of Columbia.

20. A copy of the marriage certificate for the marriage of the Plaintiff to her wife is attached hereto as Exhibit A.

21. As a result of her marriage to her wife, the Plaintiff changed her last name to McEldowney.

22. Many, and probably most, women in this nation change their last names to their spouses' last names upon marriage.

23. The Plaintiff is a resident of Cayce in Lexington County, South Carolina. The Plaintiff's wife is an active-duty servicemember in the United States Army.

24. The Plaintiff was issued a new Social Security card reflecting the change of her last name to McEldowney, as shown by the copy of that Social Security card attached hereto as Exhibit B.

25. Shortly after her marriage, the Plaintiff went to a SCDMV office with a copy of her marriage certificate and a letter from the Social Security Administration noting the chang of her name (since she had not yet received her new Social Security card) in an attempt to obtain a driver's license reflecting her new last name, McEldowney.

26. SCDMV has twice rejected her attempt to do this and refused to issue her a driver's license reflecting her new, actual last name, McEldowney, on the grounds that to do so would violate S.C. Const. Art. XVII, § 15 and S.C. Code Ann. § 20-1-15 because the Plaintiff's last name was changed as a result of her same-sex marriage to her wife.

27. A marriage certificate or completed marriage license, along with an updated Social Security card showing a married woman's change of name due to her marriage, is routinely accepted by SCDMV, per the policies and procedures of SCDMV, as entitling the married woman to the issuance of a driver's license reflecting her new name.

28. SCDMV's policies and procedures, however, purport to prohibit SCDMV from issuing driver's licenses that reflect a name change of a holder of a South Carolina driver's license due to a lawful, out-of-state same-sex marriage.

29. At all times material to this case, the Plaintiff possessed a valid South Carolina driver's license that was not suspended or revoked.

30. The sole reason that SCDMV refused to issue a driver's license to the Plaintiff that reflects her new, married name is because S.C. Const. Art. XVII, § 15 and S.C. Code Ann. § 20-1-15 decree that the Plaintiff and her wife be treated under South Carolina law as though they were not married.

31. While S.C. Const. Art. XVII, § 15 and S.C. Code Ann. § 20-1-15 decree that the Plaintiff and her wife be treated under South Carolina law as though they were not married, the marriages of opposite-sex spouses that are lawful in other states but could not be lawfully entered into under South Carolina law (for example, marriages between first cousins) are routinely recognized in South Carolina (and, under the Full Faith and Credit Clause of the Constitution of the United States, must be recognized by the government of South Carolina) if those marriages are lawful in the jurisdictions in which the marriages were celebrated.

32. South Carolina's recognition of the validity of such opposite-sex marriages but rejection of same-sex marriages violates the Plaintiff's rights under the constitutions of the United States and the State of South Carolina.

33. South Carolina's purported exclusion of same-sex married couples from recognition of their marriages violates their rights under the Full Faith and Credit Clause of the Constitution of the United States and under the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution and the Constitution of South Carolina. This exclusion is discriminatory. It is subject to heightened scrutiny, as it burdens the fundamental right to marry and because it discriminates based on sex and sexual orientation.

34. This exclusion does not further any legitimate governmental interest and cannot withstand any level of constitutional scrutiny.

35. This exclusion only disparages lesbian and gay couples and their families.

36. The Plaintiff has been severely and irreparably injured by the provisions at issue in this action that violate the Full Faith and Credit clause of the United States Constitution and the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution. The Plaintiff's injuries include, but are not limited to, deprivation of rights guaranteed by the United States Constitution, emotional distress, and social stigma. The Plaintiff is further injured by her inability to obtain certain state and federal benefits due to South Carolina's refusal to recognize her marriage and by the confusion and problems posed her conflicting identification cards.

37. The Plaintiff lacks any adequate remedy at law.

38. No harm would be done to any state or local government by granting the injunction and declaratory relief sought in this case.

39. Plainly, the public interest is served by this court acting to ensure recognition in South Carolina of same-sex marriages celebrated in other jurisdictions in a manner consistent with how South Carolina treats similarly situated opposite sex couples.

40. Prompt action by this court in providing the declaratory and injunctive relief sought by the Plaintiff in this case will serve the public interest.

### For a First Cause of Action
(Declaratory and Injunctive relief)
(Full Faith and Credit)

41. Plaintiff restates and re-alleges each of the foregoing allegations as if fully set forth herein verbatim.

42. Section 15 of Article XVII of the South Carolina state constitution, and S.C. Code Ann. § 20-1-15 , and the policies, procedures, and regulations of SCDMV violate the mandate of the Full Faith and Credit Clause, both on their face and as applied to Plaintiff.

43. The court should declare the same.

44. The court should enjoin the Defendants to issue the Plaintiff a South Carolina driver's license reflecting her new, married name.

### For a Second Cause of Action
(Declaratory and Injunctive relief)
(Due Process)

45. Plaintiff restates and re-alleges each of the foregoing allegations as if fully set forth herein verbatim.

46. Section 15 of Article XVII of the South Carolina state constitution, and S.C. Code Ann. § 20-1-15 , and the policies, procedures, and regulations of SCDMV violate fundamental liberties that are protected by the Due Process Clause, both on their face and as applied to Plaintiff.

47. The court should declare the same.

48. The court should enjoin the Defendants to issue the Plaintiff a South Carolina driver's license reflecting her new, married name.

**For a Third Cause of Action**
(Declaratory and Injunctive relief)
(Equal Protection)

49. Plaintiff restates and re-alleges each of the foregoing allegations as if fully set forth herein verbatim.

50. Section 15 of Article XVII of the South Carolina state constitution, and S.C. Code Ann. § 20-1-15 , and the policies, procedures, and regulations of SCDMV violate fundamental liberties that are protected by the Equal Protection Clause, both on their face and as applied to Plaintiff.

51. The court should declare the same.

52. The court should enjoin the Defendants to issue the Plaintiff a South Carolina driver's license reflecting her new, married name.

**For a Fourth Cause of Action**
(42 U.S.C. § 1983)

53. Plaintiff restates and re-alleges each of the foregoing allegations as if fully set forth herein verbatim.

54. Insofar as they are enforcing the terms of Section 15 of Article XVII of the South Carolina state constitution, Defendants, acting under the color of state law, are depriving, and will continue to deprive, Plaintiff of numerous rights secured by the Full Faith and Credit, Due Process, and Equal Protection clauses of the United States Constitution, in violation of 42 U.S.C. § 1983.

55. The court should declare the same.

56. The court should enjoin the Defendants to issue the Plaintiff a South Carolina driver's license reflecting her new, married name.

57. The Plaintiff is entitled to a judgment in her favor for attorney's fees and costs of this action.

**Wherefore**, the Plaintiff prays for the Court to:

(a) enter a preliminary and permanent injunction directing the Defendants to issue Plaintiff a drivers license bearing her married name and to take whatever steps are necessary to register her in her legally married name;

(b) construe, pursuant to 28 U.S.C. § 2201, Section 15 of Article XVII of the Constitution of South Carolina and enter a declaratory judgment stating that these provisions and any other South Carolina law that bars recognition of a valid, out-of-state, same-sex marriage violate the Full Faith and Credit, Due Process, and Equal Protection clauses of the the United States Constitution and 42 U.S.C. § 1983;

(c) enter a preliminary and permanent injunction enjoining enforcement or application of Section 15 of Article XVII of the Constitution of South Carolina and any other South Carolina law that bars same-sex marriage;

(d) award the Plaintiff costs of suit, including reasonable attorneys' fees, under 42 U.S.C. § 1988; and

(e) award such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Andrew S. Radeker
Andrew S. Radeker (#10059)
HARRISON & RADEKER, P.A.
Post Office Box 50143
Columbia, South Carolina 29250
(803) 779-2211
(803) 779-6700 (facsimile)
drew@harrisonfirm.com
ATTORNEY FOR PLAINTIFF

Columbia, South Carolina
October 24, 2014

11